# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE VONTRESS,

    *Petitioner*,

vs.

WARDEN NEVENS, *et al.*,

    *Respondents*.

No. 2:14-cv-00984-JCM-CWH

ORDER

This action brought by a Nevada state inmate comes before the court for initial review of the papers presented, in which petitioner seeks relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure from an order or judgment issued by a state district court, as well as on petitioner's application (#1) to proceed *in forma pauperis*.

The papers presented are subject to multiple substantial defects.

First, the pauper application is completed for a habeas action, with a $5.00 filing fee, but petitioner has not tendered papers that would commence a habeas action. He instead has sought to commence a different proceeding in which he seeks to set aside a state court judgment under Rule 60(b)(4). Under 28 U.S.C. § 1914(a), "[t]he clerk . . . shall require the parties instituting any civil action, suit or proceeding . . . whether by original process, removal or otherwise, to pay of filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5." Given the papers that petitioner filed, he would have to pay the $350.00 filing fee for a civil action or seek to pay that fee in installments under the Prison Litigation Reform Act. Although the clerk docketed the action as a habeas action, petitioner

did not file a petition for a writ of habeas corpus. The pauper application therefore will be denied without prejudice along with the dismissal of the action.[1]

Second, a litigant must file a pleading to commence a federal civil action, regardless of whether the action is, for example, a civil rights action or a habeas action. A litigant may not commence a federal action simply by filing a motion. Petitioner filed neither a complaint nor a petition in this case.

Third, Rule 60(b)(4) does not provide a basis for challenging a state court judgment. Rule 60(b)(4) applies only in federal courts and provides a basis for filing a motion in a federal court action challenging a federal judgment or order. Neither Rule 60(b)(4) nor any other provision cited by petitioner in his motion provides a basis for challenging a state court judgment or order by a motion in a federal civil action.[2]

Fourth, the relief sought – federal court review of a state court judgment under Rule 60(b)(4) – would constitute an exercise of appellate jurisdiction by this lower federal district court over the state courts. A federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, and/or an exercise of supervisory jurisdiction. *See, e.g. Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). If petitioner wishes to seek collateral review in federal court of his conviction, he must file a petition for a writ of habeas corpus. He may not seek such federal review of a state court judgment or judgments in a federal civil action other than in a habeas action. A motion under Rule 60(b)(4), again, is not a habeas action.

Fifth, to the extent that petitioner is seeking to challenge his judgment of conviction other than through a habeas petition, the civil action is barred under *Heck v. Humphrey*, 512

---

[1] In a similar action by petitioner in No. 2:13-cv-00838-APG-NJK, the court granted petitioner's pauper application in that case as an application for a habeas action. The court is not sanguine that the $5.00 habeas filing fee is applicable to a civil action in which a petitioner seeks to invoke a form of relief other than a habeas petition. The court is not bound by prior decisions within the district. The practical result in any event is the same in that petitioner has not been required to pay a filing fee in either action prior to dismissal.

[2] Rule 60(d) refers to an independent action, but the action referred to is a federal action challenging a federal judgment, not a federal action challenging a state court judgment.

U.S. 477 (1994). An inmate may not pursue claims that necessarily challenge the validity of a conviction in a civil action other than a federal habeas action. *Id.*

Due to these multiple defects, this improperly-commenced action will be dismissed without prejudice.

It does not appear that a dismissal without prejudice to a new action would materially impact adjudication of any issue of substance in a promptly filed new action or otherwise cause substantial prejudice.[3]

---

[3] The papers presented and the online docket records of the state courts reflect the following.

Petitioner George Vontress was convicted, pursuant to a jury verdict, of robbery with a deadly weapon, burglary while in possession of a firearm, battery with the intent to commit a crime (robbery), and battery with the use of a deadly weapon. Vontress represented himself at trial.

The judgment of conviction was filed on June 15, 2012, and the time for filing a direct appeal expired on July 16, 2012. Petitioner filed, *inter alia*, an appeal on November 1, 2012. The state supreme court ultimately held that the appeal was untimely, in a March 13, 2014, order in No. 62057 in that court. The remittitur issued on May 19, 2014.

Meanwhile, however, petitioner filed a motion to vacate sentence in the state district court on February 1, 2013, and a state post-conviction petition on March 27, 2013. The state district court took the matters off calendar during the pendency of the appeal proceedings, but the proceedings otherwise have remained pending on the court's docket.

Accordingly, it would appear that even if the untimely direct appeal is disregarded as a tolling event, petitioner's other pending proceedings in the state district court have tolled the running of the federal limitation period and continue to do so. Dismissal of this action without prejudice therefore will not have an immediate *de facto* with prejudice effect due to application of the federal limitation period.

The court accordingly exercises its discretion to dismiss this action without prejudice rather than providing for an opportunity for amendment with a habeas petition prior to dismissal of the improperly commenced action. Petitioner does not currently need relation back to the papers presently on file to establish the timeliness of claims in a federal habeas petition. The court further declines to reconstrue the improperly commenced action instead as a habeas action. Petitioner has been told, now twice, that he may not challenge the state court judgment of conviction in a motion under federal Rule 60(b)(4). The court would give petitioner an opportunity to correct the deficiency in this action with potential relation back to the original papers if there were a current time-bar issue, but there is not. Otherwise, the court has no occasion to construe improperly presented papers as something that they are not where no prejudice thereby will accrue to the petitioner.

Nothing herein directs petitioner to file a habeas action or any other action. The court notes only that petitioner may not challenge a state court judgment through a Rule 60(b)(4) motion in federal court. Nor does the court imply that a habeas action or any other action would be free of other deficiencies, such as lack of exhaustion. Petitioner at all times remains responsible for calculating the running of all applicable limitation periods, exhausting claims, and timely seeking appropriate relief in a proper forum.

1  IT THEREFORE IS ORDERED that petitioner's application (#1) to proceed *in forma pauperis* is DENIED without prejudice and that this action shall be DISMISSED without prejudice.

   IT FURTHER IS ORDERED that, to the extent required in this procedural context, a certificate of appealability is DENIED. Jurists of reason would not find the dismissal of this improperly-commenced action to be either debatable or incorrect, given the absence of any substantial prejudice to petitioner from the dismissal without prejudice. See text, at 2 and n.3.

   The clerk of court shall SEND petitioner: (a) two copies each of the forms for a pauper application for an incarcerated person, a noncapital habeas petition form, and a civil rights complaint form; (b) one copy of the instructions for the forms; and (c) one copy of the papers that he filed.

   The clerk shall enter final judgment accordingly, dismissing this action without prejudice.

   DATED: June 26, 2014.

   _____
   JAMES C. MAHAN
   United States District Judge